# Gerstein Harrow LLP

Benjamin E. Bryant
Assistant Attorney General
Civil Litigation Division Section IV
400 6th St. NW
Washington, DC 20001
Benjamin.bryant@dc.gov

<u>*Via Email*</u>

<u>Re: Amended Complaint in *Fishman v. D.C. et al.*, No. 21-cv-1847</u>

Dear Ben,

In response to your motion to dismiss, and to replace the John Doe defendants with their proper names, we have amended the complaint in this case. We write this somewhat unusual letter that previews our response to any future motions to dismiss because we think doing so may resolve the issues in this case as efficiently as possible. To that end, we attach a redlined copy of the amended complaint showing all changes made to the original complaint, and to explain a few things that, we hope, will make it easier for all of the parties and the court to focus on what matters in this case.

From your motion to dismiss the original complaint, we think that you are operating under a few key misimpressions regarding what we are and are not alleging in this case. Those misimpressions, for what it's worth, are totally understandable, and so please don't take us to be criticizing here; because everything in this case was captured on video, we have pleaded a very detailed complaint that, because of its multiple perspectives, can be complex. (We've clarified a few things in the Amended Complaint, as you'll see.)

The core principle underlying our theory of this case is that the reasonableness of a seizure must be assessed considering the totality of the circumstances present *throughout* the stop. Once reasonable suspicion has been dissipated by evidence observed after the initial stop, continuing the stop is unlawful even if it was lawful at the beginning. *Terry v. Ohio*, 392 U.S. 1, 18 (1968) ("[A] search which is reasonable at its inception may violate the Fourth Amendment by virtue of its intolerable intensity and scope."); *Hall v. Dist. of Columbia*, 867 F.3d 138, 153 (D.C. Cir. 2017) ("[I]nvestigative detention must last no longer than is necessary to effectuate the purpose of the stop.") (quotation marks omitted); *United States v. Vinton*, 594 F.3d 14, 23 (D.C. Cir. 2010) (*Terry* stops can become unlawful if they are "extend[ed] . . . beyond a reasonable duration.").

We do not allege that Jaeger did not have reasonable suspicion to stop Fishman when he first arrived at the house. Fishman, indeed, was the subject of a named 9-1-1 call and he indeed identified himself as the subject of that call. Instead, we allege the



**Charlie Gerstein,** *Partner*
charlie@gerstein-harrow.com
202-670-4809

611 Pennsylvania Ave. SE, No. 317
Washington, DC 20003
gerstein-harrow.com

Jaeger did not, in fact, seize Fishman until he was already over the threshold of his house. Jaeger's seizure of Fishman, then, occurred in Fishman's home, in violation of the Fourth Amendment. And Fishman did not flee a *Terry* stop; he had not yet been stopped by the time he was in his house.

At that moment, we allege, Jaeger, Brady, and Tong observed a scene that should have caused them immediately to release Fishman, and Todaro observed one about twenty seconds later, thus rendering the remaining detention both without reasonable suspicion and unrelated to the reasonable scope of the initial stop, in violation of the Fourth Amendment. The evidence that no kidnapping—or any other crime—had occurred just kept mounting from there, such that even if in the first moments the officers may have had some lingering reasonable suspicion (which they did not have), within a few minutes thereafter it had become abundantly clear that the kids were Fishman's and that he had not kidnapped them. All the officers had seen two kids identifying themselves as Fishman's and saying (loudly and vigorously) that he had done nothing wrong, and then one of the officers heard Fishman explain exactly what happened while the others continued to hear the children (albeit with the mother's understandable reluctance) explain what happened. It was screamingly obvious at least 19 minutes before Fishman was released that this wasn't a kidnapping, and no evidence of any further crime had materialized.

Finally, two points on our D.C.-law claims. The core point here is that D.C.'s privilege standard, unlike the federal qualified-immunity standard, requires that an officer's conduct be both objectively reasonable and in *subjective* good faith. *E.g.*, *Liser v. Smith*, No. 00-cv-2325 (D.D.C. Mar. 26, 2003) (contrasting "the subjective 'good faith' standard that governs false arrest claims under D.C. law" with the "objective" standard for federal qualified immunity). Thus, whether a court could conclude that a reasonable officer might have believed that the two children calling themselves Fishman's and protesting that he had done nothing wrong were kidnapping victims is not dispositive of the D.C.-law claims. Rather, the Complaint alleges, and the video evidence shows, that the officers *said*, on several occasions, early in the process, that they *knew and believed* the kids were Fishman's. And so even if they succeed in getting this case dismissed on qualified-immunity grounds because an officer could have believed a (truly bizarre) crime was afoot, the District would remain liable for false arrest or, in the alternative, negligence. (The trespass claim probably rises and falls with the unlawful-entry claim.)

Last, the false-arrest claim is timely because statutes of limitations were suspended by the Chief Judge of the Court of Appeals for a little more than a year starting in March 2020. *See, e.g.*, Superior Court of the District of Columbia, Order of June 19, 2020 at 3, *available at* shorturl.at/dtQTU. We'd happily provide more detail on that extension if it's helpful.

Sincerely,



**Charlie Gerstein**, *Partner*  
charlie@gerstein-harrow.com  
202-670-4809

611 Pennsylvania Ave. SE, No. 317  
Washington, DC 20003  
gerstein-harrow.com

## Gerstein Harrow llp

Charlie Gerstein
September 7, 2021



**Charlie Gerstein,** *Partner*
charlie@gerstein-harrow.com
202-670-4809

611 Pennsylvania Ave. SE, No. 317
Washington, DC 20003
gerstein-harrow.com